FILED
Feb 07, 2024
08:01 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | |
|---|---|
| KIMBERLY HUNT, | ) Docket No. 2023-07-5702 |
| Employee, | ) |
| v. | ) State File No. 42900-2023 |
| STEVE KIRK, PROPERTY | ) |
| MANAGER, | ) Judge Robert Durham |
| Employer, | ) |
| And | ) |
| PLAZA INS. CO., | ) |
| Insurer. | ) |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This Court held an Expedited Hearing on February 1, 2024. Ms. Hunt asked for medical and temporary disability benefits after a work-related left-wrist injury. Mr. Kirk denied benefits, arguing that Ms. Hunt was an independent contractor not an employee. The Court holds that Ms. Hunt is likely to prove at trial that she was an employee and is entitled to temporary and future medical benefits. However, she did not establish the reasonableness and necessity of her unauthorized treatment, so the Court cannot order Mr. Kirk to pay for it at this time.

### History of Claim

Mr. Kirk first retained Ms. Hunt in June 2022 to assist in renovating rental properties. She worked full-time, except for a few weeks in September when she was out of work and looking for other employment. She stopped working for Mr. Kirk in December due to lack of work and health problems. In January 2023, Mr. Kirk sent her a 1099 tax form. Ms. Hunt testified she had no idea he planned to do so.

Ms. Hunt resumed working for Mr. Kirk in April, performing the same duties at the same pay. On May 16, she fell from a porch while painting and broke her left wrist. Mr. Kirk took her to a clinic where he paid her co-pay and then to an orthopedic clinic. He also gave Ms. Hunt $300 to help pay for an MRI. On May 24, orthopedist Michael Dolan took

1

her off work.

Mr. Kirk's carrier denied her claim on June 2 due to "lack of cooperation" and did not pay any expenses or temporary disability benefits. Ms. Hunt continued to receive medical care from Dr. Dolan. He kept her off work until October 11, when he released her to full duty.

At the hearing, Ms. Hunt said Mr. Kirk required her to work Monday through Friday from 8:00 a.m. to 4:30 p.m. with a half-hour for lunch; however, she often worked more than that to finish specific tasks. Her pay was $18 an hour, paid by check every Friday, with an average weekly wage of $907.43. The checks did not include deductions for tax or social security withholdings.

She said Mr. Kirk had full control over the conduct of her work by directing her to specific projects and telling her how and when to perform the work. Other people also worked on these projects, and Mr. Kirk hired and supervised them. She further testified that Mr. Kirk paid for or owned all the supplies, tools, and equipment she used except for a stool and a ladder she preferred for her comfort and safety. Ms. Hunt said she worked exclusively for Mr. Kirk and did not have the option of offering her services to others during the hours he set.

Mr. Kirk testified by a Tennessee Rules of Civil Procedure Rule 72 declaration. He asserted that Ms. Hunt operated as an independent contractor not his employee. He also noted Ms. Hunt set her own hours, and he did not require a specific start or leave time. He wrote that she provided her own tools, such as paintbrushes and stools. He agreed he paid her on an "hourly, weekly basis" but said the pay was "based off" her progress. He also pointed to the 1099 tax form and said that Ms. Hunt could have worked for others and had "the right of termination."

**Findings of Fact and Conclusions of Law**

To obtain benefits, Ms. Hunt must show a likelihood of prevailing at a hearing on the merits. *See generally* Tenn. Code Ann. § 50-6-239(d)(1) (2023). The parties agree that the dispositive issue is whether Ms. Hunt was an employee or an independent contractor when she broke her wrist. However, since Mr. Kirk does not dispute that an employment relationship existed at the time of injury, it is his burden to establish that Ms. Hunt was an independent contractor. *Hernandez v. SMS, Inc. d/b/a Master Stucco*, 2023 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (July 6, 2023). The Court holds that he did not meet this burden.

Tennessee Code Annotated section 50-6-102(11)(D)(i) lists the factors the Court must consider in determining whether Ms. Hunt was an employee:

*(a)*     The right to control the conduct of the work;
*(b)*     The right of termination;
*(c)*     The method of payment;
*(d)*     The freedom to select and hire helpers;
*(e)*     The furnishing of tools and equipment;
*(f)*     Self-scheduling of working hours; and
*(g)*     The freedom to offer services to other entities.

Although no factor is determinative, "the Tennessee Supreme Court has repeatedly emphasized the right to control [the conduct of the work]." *Hernandez*, at *8-9. Ms. Hunt, who the Court finds provided consistent and credible testimony, emphasized that Mr. Kirk directed when, where, and how she was to perform her daily tasks. Significantly, Mr. Kirk did not rebut this in his declaration.

Further, the right to terminate the employment relationship at will is a "hallmark" of the employer/employee relationship. *Id*. at *16. Here, Mr. Kirk did not submit any evidence of a contract limiting either party's right to terminate the employment relationship.

As for the other factors, the Court finds the evidence favors Ms. Hunt. She testified, and the checks support this testimony, that Mr. Kirk paid her at an hourly rate every Friday. She additionally testified that Mr. Kirk hired and supervised other people working on the same projects, and she did not have the right to do so. Mr. Kirk provided all supplies, tools, and equipment other than a stool and a ladder she used for her personal safety and comfort.

Mr. Kirk expected her to work Monday through Friday from 8:00 a.m. through 4:30 p.m. with a half-hour lunch break, although if necessary, she often worked longer or on weekends to finish specific tasks. The paychecks corroborate her testimony that she never worked fewer than forty hours a week and often worked more, thus confirming that she could not have worked for others while working for Mr. Kirk.

Finally, the Court gives little weight to the facts that Mr. Kirk did not deduct withholdings from her checks and issued a 1099 tax form to Ms. Hunt in 2023. "The fact that a company did not deduct social security or income taxes is not a controlling factor in deciding whether and employer-employee relationship existed." *Hernandez,* at *9.

Thus, the Court holds that the factors in Section 50-6-102(11)(D)(i) support Ms. Hunt's contention that she was Mr. Kirk's employee, despite Mr. Kirk's brief, unsupported testimony to the contrary.

As for medical benefits, the undisputed evidence established that Ms. Hunt suffered a work-related left-wrist fracture. Mr. Kirk did not offer any medical treatment as required by statute, so Ms. Hunt sought it on her own with Dr. Dolan. By failing to authorize

3

treatment, Mr. Kirk risked being responsible for Dr. Dolan's care. *Young v. Young Elec. Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016). Thus, the Court holds that Mr. Kirk shall authorize Dr. Dolan to give any further reasonable, necessary, and related treatment Ms. Hunt may require.

The law also requires that in most circumstances, an employee must prove that any past unauthorized treatment was reasonable and necessary. *See Lentz v. Coca-Cola Consol., Inc.*, 2023 TN Wrk. Comp. App. Bd. LEXIS 34, at *16 (July 19, 2023). Because Ms. Hunt did not produce any evidence as to the reasonableness and necessity of past medical expenses, she is not entitled to reimbursement for past expenses at this time.

Regarding temporary total disability benefits, the undisputed evidence established that Ms. Hunt's broken wrist totally disabled her from May 24 through October 11. Given Ms. Hunt's compensation rate of $604.95, the Court holds Mr. Kirk must pay her $12,099.05 in disability benefits under section 50-6-207(1).

IT IS, THEREFORE, ORDERED THAT:

1. Mr. Kirk shall authorize reasonable, necessary, and related medical treatment with Dr. Dolan for Ms. Hunt's left-wrist fracture. Mr. Kirk is not ordered to reimburse Ms. Hunt for past medical expenses at this time.

2. Mr. Kirk shall pay Ms. Hunt $12,099.05 in temporary total disability benefits. Ms. Hunt's counsel is awarded 20% attorney's fees totaling $2,419.81.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

4. This case is set for a Scheduling Hearing on **March 13, 2024, at 9:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED February 7, 2024.**

_____

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Ms. Hunt's Pre-Hearing Statement
5. Mr. Kirk's Pre-Hearing Statement
6. Ms. Hunt's Witness and Exhibit List
7. Mr. Kirk's Witness and Exhibit List

Exhibits:
1. Ms. Hunt's Affidavit
2. Mr. Kirk's Declaration
3. Ms. Kristen Wigant's Declaration
4. Dr. Dolan's records
5. Paychecks
6. First Report of Injury
7. Insurance documents
8. Notice of Denial
9. 1099 Tax Form

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on February 7, 2024.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Jeffrey P. Boyd | | X | jboyd@borenandboyd.com |
| Karlyn Hilliard | | X | Karlyn.Hilliard@Libertymutual.com |

_____

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*